PAGÁN, DEMANDANTE Y APELADO, *v.* FRANCO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito para recobrar la posesión de propiedad inmueble por el procedimiento de *injunction.*

No. 1969.—Resuelto en junio 23, 1919.

INJUNCTION PARA RECOBRAR LA POSESIÓN DE PROPIEDAD INMUEBLE—PRESCRIPCIÓN DE LA ACCIÓN.—Apareciendo que el acto por el cual el demandante fué privado de la posesión que trata de recobrar tuvo lugar en agosto 9, 1917, y que la demanda se interpuso en febrero 21, 1918, es preciso concluir que la acción había prescrito por haber transcurrido el término de cuatro meses señalado en la misma ley que la autoriza.

ID.—LEY NO. 11 DE 1917 ENMENDATORIA DE LA NO. 43 DE 1913.—No puede aplicarse a este caso la Ley No. 11 de 1917 que extendió a un año el término de cuatro meses fijados por la Ley No. 43 de 1913 para recobrar la posesión de propiedad inmueble por el procedimiento de *injunction,* porque el plazo fijado por la Ley No. 43 se había ya extinguido totalmente cuando comenzó a regir la Ley No. 11.

ID.—ARTÍCULOS 462 Y 1869 DEL CÓDIGO CIVIL.—No tienen aplicación a este caso los preceptos de la ley sustantiva que fija en un año el término para recobrar la posesión de propiedad inmueble, porque no se trata de decidir aquí si el demandante tenía o no derecho a ser reintegrado en la posesión, sino de resolver si tenía o no derecho a ejercitar para obtener tal reintegro el procedimiento especial de *injunction* creado por la Ley No. 43 de 1913.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José S. Alegría.*

Abogado del apelado: *Sr. E. H. F. Dottin.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un "injunction" para recobrar la posesión de propiedad inmueble decidido en favor del demandante. El demandado apeló y alega que la corte sentenciadora erró al declarar que la acción ejercitada por el demandante no había prescrito y al apreciar la prueba. Para decidir el recurso basta sólo considerar el primer señalamiento de error.

Según la misma demanda el acto por virtud del cual el demandante fué privado de la posesión del terreno de que se trata, se realizó el 9 de agosto de 1917, y como la demanda se interpuso el 21 de febrero de 1918, es necesario concluir que había transcurrido con exceso el término de cuatro meses fijado expresamente por la Ley No. 43 de 1913, para ejercitar la acción en la misma establecida, o sea la acción para recobrar la posesión de propiedad inmueble por medio del procedimiento especial de *injunction,* que fué la ejercitada por el demandante en este caso.

El demandante y apelado acepta que esto es así, pero sostiene que entabló su acción al amparo de la Ley No. 11 de 1917 que enmendó la Ley No. 43 de 1913 extendiendo a un año el plazo de cuatro meses indicado. No estamos conformes. La Ley No. 11 de 1917 empezó a regir a mediados de febrero de 1918, esto es, cuando ya había transcurrido todo el plazo fijado por la Ley No. 43 de 1913. El derecho del demandante a acogerse a los beneficios de esa ley había, pues, prescrito cuando comenzó a regir la enmienda. Si el término de cuatro meses no hubiera transcurrido totalmente, entonces quizás cabría interpretar la acción de la Legislatura, aplicada a este caso concreto, en el sentido de extender el término previamente fijado.

La cuestión además no es nueva en este Tribunal. Basta que hagamos referencia a los casos de *de Jesús* v. *Sucesión*

*Villamil,* 18 D. P. R. 403; *Roble* v. *Sucesión Pérez,* 18 D. P. R. 929; *Osorio* v. *Sucesión Pérez,* 18 D. P. R. 932, y *Orta* v. *Arzuaga,* 23 D. P. R. 259.

En cuanto a la cita que la parte apelada hace de los artículos 462 y 1869 del Código Civil, diremos que no se trata aquí de resolver si había o no prescrito el derecho del demandante a ser reintegrado en la posesión de la finca por el mero transcurso de cuatro meses, sino de decidir, como se ha decidido, que había prescrito su derecho a ser reintegrado por medio del procedimiento especial fijado por la Ley No. 43 de 1913, enmendada por la Ley No. 11 de 1917.

Debe declararse con lugar el recurso y revocarse la sentencia apelada.

> *Revocada la sentencia recurrida y declarada sin lugar la demanda sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison firmó ''conforme con la sentencia.''